Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

*Attorney for Plaintiff*
*Elizabeth Benitez Diaz*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BENITEZ DIAZ | Civil Action No.    2:15-cv-8203 |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| RENTGROW, INC. d/b/a YARDI RESIDENT SCREENING | |
| Defendants. | |

### PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the California Consumer Credit Reporting Agencies Act ("CCRAA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

COMPLAINT AND JURY DEMAND

## PARTIES

4.     Plaintiff Elizabeth Benitez Diaz is an adult individual who resides in Lancaster, CA.

5.     Defendant RentGrow, Inc. d/b/a Yardi Resident Screening (hereafter "RentGrow") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 307 Waverly Oaks Road, Suite 301, Waltham, MA 02452.

## FACTUAL ALLEGATIONS

6.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") since at least May 2014 through the present.

7.     The inaccurate information includes, but is not limited to, accounts with AFNI, Portfolio Recovery, Progressive Management Systems, Transworld Systems, Inc., Bank of America, HSBC Bank, The Home Depot, American Express, SYNCB/JC Penny and SYNCB/Wal-Mart and other personal information that does not belong to Plaintiff.

8.     Defendant, however, has been inaccurately reporting these accounts on Plaintiff's consumer report.

9.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer.  Due to Defendant's faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

2

COMPLAINT AND JURY DEMAND

11.    As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

12.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

13.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
## <u>VIOLATIONS OF THE FCRA</u>

14.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15.    At all times pertinent hereto, Defendant was "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

16.    At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

18.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

19.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm

3

to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT II**

**<u>VIOLATIONS OF THE CCRAA</u>**

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     Defendant is "consumer reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

22.     Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

23.     The above-mentioned credit reports were "consumer reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

24.     Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold, in violation of Cal. Civ. Code § 1785.14(b).

25.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**<u>JURY TRIAL DEMAND</u>**

26.     Plaintiff demands trial by jury on all issues so triable.

4

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages;

    d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and Cal. Civ. Code § 1785.31(a); and

    e. Such other and further relief as may be necessary, just and proper.

Dated:   October 20, 2015     Respectfully submitted,

               _____
               Stephanie R. Tatar
               Tatar Law Firm, APC
               3500 West Olive Avenue
               Suite 300
               Burbank, CA 91505
               Telephone: (323) 744-1146
               Facsimile: (888) 778-5695

COMPLAINT AND JURY DEMAND